UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION


JAMES E. LUNDEEN, SR., M.D.,

    Plaintiff,                            Case No. 2:08-cv-1111
                                                     JUDGE GREGORY L. FROST
    v.                                        Magistrate Judge Terence P. Kemp

PATRICIA D. LAZICH, ET AL.,

    Defendants.


**OPINION AND ORDER**

In this civil rights action, Plaintiff, James E. Lundeen, Sr., M.D., seeks injunctive relief and damages from Defendants, Assistant Ohio Attorney General Patricia D. Lazich ("Asst. A.G. Lazich") and the Honorable Patricia E. Morgenstern-Clarren, judge of the United States Bankruptcy Court for the Northern District of Ohio. This matter is currently before the Court on Asst. A.G. Lazich's motion to dismiss (Doc. # 7), Dr. Lundeen's memorandum in opposition to the motion to dismiss (Doc. # 10), and Asst. A.G. Lazich's reply memorandum (Doc. # 19). For the reasons that follow, the Court **GRANTS** the motion to dismiss.

**I. Background[1]**

Dr. Lundeen has participated in a series of cases before the United States Bankruptcy Court for the Northern District of Ohio, including the bankruptcy of James E. Lundeen, Sr., M.D., Inc. ("Debtor Entity"), a corporation that he controlled. *See In re James E. Lundeen, Sr.,*

---

[1] This background section is taken from this Court's Order and Opinion issued in this case on April 21, 2009. (Doc. # 24.)

1

*M.D., Inc.*, No. 07-19423 (Bankr. N.D. Ohio). In that case, the Debtor Entity's trustee initiated an adversary proceeding against Dr. Lundeen and the Ohio Bureau of Workers' Compensation ("BWC"). *See Helbling v. Ohio Bureau of Workers' Comp.*, No. 08-1165 (Bankr. N.D. Ohio). Along with her complaint, the trustee moved for both a temporary restraining order ("TRO") and a preliminary injunction to freeze any BWC accounts of entities associated with Dr. Lundeen. Judge Morgenstern-Clarren held a hearing on the TRO motion on June 17, 2008, where Asst. A.G. Lazich appeared on behalf of the BWC and Dr. Lundeen failed to appear. At the hearing, Judge Morgenstern-Clarren granted the TRO, requiring the BWC to freeze any funds owed to Lundeen Medical Group, Lundeen Therapy Pain Management, and Lundeen Physical Therapy Akron, Inc., as well as funds identified by Dr. Lundeen's personal social security number.

On June 27, 2008, Judge Morgenstern-Clarren vacated the TRO because Dr. Lundeen had not been properly served with notice of the TRO hearing. Judge Morgenstern-Clarren then set a preliminary injunction hearing for July 8, 2008. Despite her order vacating the TRO, the BWC continued the freeze on the funds owed to the three entities as well as those identified by Dr. Lundeen's personal social security number.

Both Asst. A.G. Lazich and Dr. Lundeen appeared at the July 8, 2008, preliminary injunction hearing. In the week that followed, Dr. Lundeen attempted to contact Asst. A.G. Lazich multiple times to inquire about the hold on the funds in the absence of the TRO. On July 14, 2008, Judge Morgenstern-Clarren issued a preliminary injunction that granted in part and denied in part the trustee's motion to freeze all BWC accounts affiliated with Dr. Lundeen. The injunction ordered the BWC to continue holding any funds owed to the three entities listed in the TRO, but it also stated that it was "not appropriate to enjoin BWC from disbursing those funds

2

which it [had] identified by Dr. Lundeen's social security number only." (Doc. # 18 at 4.) On July 18, 2008, the BWC informed the court that it was holding $121.38 under Lundeen Medical Group, no money under the other two entities, and $11,828.01 under Dr. Lundeen's personal social security number. On July 21, 2008, the BWC released the $11,828.01.

In late September 2008, Asst. A.G. Lazich notified Dr. Lundeen that the BWC was holding $242.76 under Lundeen Medical Group and $60.69 under the Debtor Entity, which Dr. Lundeen contends were not covered by the preliminary injunction. On October 30, 2008, Asst. A.G. Lazich emailed Dr. Lundeen, indicating that the BWC would continue to hold the funds of any entity affiliated with Dr. Lundeen except those identified only by his personal social security number. Dr. Lundeen filed this civil rights action on November 21, 2008, seeking injunctive relief and damages against Asst. A.G. Lazich and Judge Morgenstern-Clarren for allegedly depriving him of rights guaranteed by the Fourth Amendment to the United States Constitution by unlawfully conspiring with others to search and seize his BWC funds and unlawfully seizing funds for the seventeen days between the issuance of the vacating order and the issuance of the preliminary injunction.

## II. Standards of Review

Asst. A.G. Lazich moves to dismiss for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). When considering such a motion, the Court must construe the complaint in favor of Dr. Lundeen, accept the factual allegations contained in his complaint as true, and determine whether his factual allegations present plausible claims. *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007); *Brogan v. The Hartford Life Ins. Co.*, No. C2-08-765, 2009 WL 330296, at *1 (S.D. Ohio Feb. 9, 2009). " '[F]actual allegations must be enough to raise a

3

right to relief above the speculative level on the assumption that all the allegations in the complaint are true.'" *Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555).

Dr. Lundeen is proceeding without the assistance of counsel. "The pleadings of pro se petitioners are held to less stringent standards than those prepared by attorneys, and are liberally construed when determining whether they fail to state a claim upon which relief can be granted." *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004) (citing *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972)). "A court should make a reasonable attempt to read the pleadings to state a valid claim on which the plaintiff could prevail, despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Ashiegbu v. Purviance*, 74 F. Supp. 2d 740, 746 (S.D. Ohio 1998) (citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)). However, the Court will not assume "the role of advocate for the pro se litigant." *Id.*

### III. Discussion

Plaintiff brings this action against Defendants in their individual capacity, alleging that their actions violated 42 U.S.C. § 1983, which provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. To succeed on a claim under Section 1983, plaintiffs must show that (1) a person (2) acting under color of state law (3) deprived them of rights secured to them by the United States Constitution or its laws. *Waters v. City of Morristown,* 242 F.3d 353, 358–59 (6th

Cir. 2001). Because Section 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under Section 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Dr. Lundeen alleges that Defendants violated his Fourth Amendment[2] right to be free from unreasonable searches and seizures. Specifically, Dr. Lundeen alleges that Asst. A.G. Lazich and Judge Morgenstern-Clarren conspired to and did violate his rights secured by the Fourth Amendment by searching his BWC records and seizing the BWC funds in his personal account for seventeen days and for holding the BWC funds under Lundeen Medical Group and under the Debtor Entity (pursuant to the July 14, 2008 preliminary injunction order).

The Court first considers the sufficiency of Dr. Lundeen's allegations set forth in the complaint, which fall far short of stating any plausible claim. *See Twombly*, 550 U.S. at 555 (allegations must rise above the "speculative level"). Indeed, while the complaint need not set forth detailed factual allegations "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation") and 5 C. Wright & A. Miller, Federal Practice and Procedure §

---

[2]The Fourth Amendment to the United States Constitution provides:

> The right of the people to be secure in their person, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched and the persons or things to be seized.

U.S. Const. amend. IV.

1216, pp 235–236 (3d ed. 2004) ("[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"). Dr. Lundeen does not allege any facts about Asst. A.G. Lazich's search or seizure of his BWC accounts. Indeed, there are two times in the complaint wherein it is alleged that someone – the complaint never says who – searched Dr. Lundeen's records at the BWC. Complaint ¶¶ 1, 23.

Moreover, there can be no "search," within the meaning of the Fourth Amendment, where the individual has no reasonable expectation of privacy. *Overstreet v. Lexington-Fayette Urban County Gov't*, 305 F.3d 566, 576–77 (6th Cir. 2004) (citing *United States v. Jacobsen*, 466 U.S. 109, 113 (1984) (a search occurs "when an expectation of privacy that society is prepared to consider reasonable is infringed")). "The determination of whether a reasonable expectation of privacy exists is determined by the totality of the circumstances, considering the degree of intrusion upon an individual's privacy and the degree to which the search is needed to protect a government interest." *Cmty. Mental Health Servs. of Belmont v. Mental Health & Recovery Bd. of Belmont*, 395 F. Supp. 2d 644, 654 (S.D. Ohio 2004) (citing *United States v. King*, 534 U.S. 112, 118–119 (2001)). Dr. Lundeen does not have a *reasonable* expectation that his records at the BWC would be private from the BWC or the attorney representing the BWC in a bankruptcy court case where those records are the central issue in the case. Therefore, Dr. Lundeen's complaint does not allege a search to which the Fourth Amendment protections apply.

Thus, even when construing the complaint in favor of Dr. Lundeen and accepting the factual allegations contained in his complaint as true, Dr. Lundeen's Section 1983 search and seizure claim against Asst. A.G. Lazich fails to present a plausible claim.

With regard to Dr. Lundeen's conspiracy claim, 42 U.S.C. §1985(3)[3] requires a plaintiff to allege: "(1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges or immunities of the laws; (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States." *Vakilian v. Shaw*, 335 F.3d 509, 518 (6th Cir. 2003) (citing *United Bhd. of Carpenters & Joiners of Am. v. Scott*, 463 U.S. 825, 828–29 (1983)). "A § 1985(3) complaint must 'allege both a conspiracy and some class-based discriminatory animus behind the conspirators' action.'" *Ctr. for Bio-Ethical Reform, Inc. v. City of Springboro*, 477 F.3d 807, 832 (6th Cir. 2007) (citing *Newell v. Brown*, 981 F.2d 880, 886 (6th Cir. 1992)). "It is well-settled that conspiracy claims must be pled with some degree of specificity and that vague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim[.]" *Gutierrez v. Lynch*, 826 F.2d 1534, 1538-39 (6th Cir. 1987).

---

[3]42 U.S.C. § 1985(3) states in relevant part:

If two or more persons in any State or Territory conspire . . . for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; . . . in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.

Dr. Lundeen does not allege that Asst. A.G. Lazich acted with discriminatory animus based on a constitutionally protected classification. *See Dunn v. Tennessee*, 697 F.2d 121, 124 (6th Cir. 1982). Additionally, Dr. Lundeen's complaint does not set forth specific allegations supporting a conspiracy claim, but rather vaguely asserts that Defendants "conspired." Consequently, Dr. Lundeen's conspiracy claim, like his search and seizure claim, fails to present a plausible claim and cannot survive Asst. A.G. Lazich's motion to dismiss.

Finally, Dr. Lundeen has also requested oral argument on this motion.

> [I]f oral argument is deemed to be essential to the fair resolution of the case because of its public importance or the complexity of the factual or legal issues presented, counsel may apply to the Court for argument. This may be done by including the phrase "ORAL ARGUMENT REQUESTED" (or its equivalent) on the caption of the motion or on a memorandum. The ground(s) for any such request shall be succinctly explained. If the Court determines argument or a conference would be helpful, the Court will notify all parties.

*See* S.D. Ohio Civ. R. 7.1(b)(2).

The Court concludes that oral argument is not essential to the fair resolution of this case and therefore, denies Dr. Lundeen's request.

## IV. Conclusion

Based on the foregoing, the Court **GRANTS** Asst. A.G. Lazich's motion to dismiss (Doc. # 7). Because Asst. A.G. Lazich was the only defendant remaining in this action, the Clerk is **DIRECTED** to **ENTER JUDGMENT** in accordance with this Opinion and Order.

**IT IS SO ORDERED**.

        **/s/ Gregory L. Frost**
        **GREGORY L. FROST**
        **UNITED STATES DISTRICT JUDGE**